**IN THE COURT OF APPEALS OF IOWA**

No. 22-0003
Filed March 30, 2022

**IN THE INTEREST OF K.L. and K.L.,**
**Minor Children,**

**M.L., Mother,**
    Appellant.
_____


    Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda,

District Associate Judge.


    A mother appeals the termination of her parental rights.  **AFFIRMED.**


    Larry J. Pettigrew of Pettigrew Law Firm, P.C., Newton, for appellant

mother.

    Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

    Meegan Keller of Keller Law Office, P.C., Altoona, attorney and guardian

ad litem for minor children.


    Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

A mother challenges the termination of her parental rights, asserting termination is not in the children's best interests and a permissive exception precludes termination. We affirm.

The children, who were born in 2012 and 2014, were removed from the parents' custody in September 2019 as a result of the mother's drug use and the father's lack of suitable housing. They were adjudicated children in need of assistance (CINA) in November.[1] The father eventually established a stable home, and the children returned to his custody in spring 2021. The mother participated sporadically in substance-abuse and mental-health treatment, having periods of sobriety punctuated by relapses—with her last relapse occurring in the months just prior to the termination hearing. The mother and guardian ad litem suggested a six-month extension, dissolving the parents' marriage, and awarding sole custody of the children to the father.[2] The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(e), (f), and (*l*) (2021). The mother appeals.

We review the termination of parental rights de novo, giving weight to the juvenile court's finding of facts. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In our review, we consider the three steps outlined in Iowa Code section 232.116: (1) whether the State's evidence supports a ground for termination; (2) whether termination is in the children's best interests; and (3) whether any exceptions to termination apply. *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016). Because

---

[1] This was the third CINA case for the family, following cases from 2013 to 2014 and 2015 to 2018.

[2] The parents were married to each other but separated, and the father has filed for divorce.

the mother does not contest the grounds for termination, we need not discuss the first step. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The mother asserts termination of her parental rights is not in the children's best interests. In a best-interests analysis, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). We consider a parent's past performance as an indicator of the quality of care the parent might provide in the future. *In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020). The mother argues placing sole legal custody with the father would be better for the children than termination of her rights. As the juvenile court observed, a custodial decree does not establish permanency, and the mother could challenge it at a later time. Children cannot wait indefinitely for the parent to act as a parent. *See A.M.*, 843 N.W.2d at 113. It is clear the mother loves and has a bond with the children. It is equally clear she is unable to safely parent them. Termination of the mother's rights is in the children's best interests.

The mother also asserts the court should have applied a statutory exception to termination based on the children's father having legal custody, *see* Iowa Code § 232.116(3)(a), and the mother's bond with the children, *see id.* § 232.116(3)(c). "The factors weighing against termination in section 232.116(3) are permissive, not mandatory," and the court decides whether to apply an exception based on the unique circumstances of each case and the best interests of the children. *A.M.*, 843 N.W.2d at 113 (citations omitted). Once the State has proved grounds for termination by clear and convincing evidence, the parent

resisting termination bears the burden to establish an exception under Iowa Code section 232.116(3). *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

The father—the relative with custody of the children—testified he would prefer termination over a custodial order, believing it would be in the children's best interests to have permanency. Although the mother established a bond existed between her and the children, she did not establish by clear and convincing evidence that termination would be detrimental to the children. The mother has failed to show a permissive exception precludes termination. We therefore affirm.

**AFFIRMED.**